## SAMUEL H. RANDALL, Petitioner for *mandamus*.

This court will not issue a writ of *mandamus* directing the superior court to restore an attorney at law whom they have removed from practice, although such removal was made without any previous written charge of misconduct against him, and without any summons or other process to bring him before the court; especially if it appears that in fact he had notice of proceedings in that court, and appeared therein, and had ample time allowed to him, and a full hearing on the merits, and that, on the facts found by the court, the removal was proper, and that after alleging exceptions to the judgment of removal, which were disallowed by that court on the ground that the subject matter was not open to exception, he omitted to prosecute them in this court, by proving them under Gen. Sts. c. 115, § 11.

PETITION for a writ of *mandamus*. The petitioner set forth in his petition that in 1860 he was duly admitted to practise as an attorney, and by virtue thereof as a counsellor at law, in all the courts of the Commonwealth; that his name is still upon the records; that he has never resigned his said office, and knows of no legal cause why he should not be permitted fully to enjoy all the rights and privileges of the same; and that denial of his right to practise as an attorney is now made by the justices of the superior court. The prayer was for a writ of *mandamus* commanding the justices of that court to admit the petitioner to the practice of his office of attorney therein, or to show cause why he should be excluded therefrom.

An alternative writ was accordingly issued and served; and the chief justice of the superior court accordingly, in answer

thereto, transmitted to this court a copy of the record of the proceedings of that court, at the October term thereof for crimina₁ business in Boston in 1864, so far as the same disclosed any pro· ceedings having any relation to the petitioner. This record set forth that " in the matter of Samuel H. Randall, an attorney at law, against whom charges of professional misconduct and mal- practice have been made before this court, after a full hearing the following facts have been found." A detailed statement of facts then followed, respecting the petitioner's dealings with Michael Leighton, a client who had been committed to jail for failing to recognize to answer to a charge of larceny ; for whom the petitioner then became a surety ; and who thereupon en- listed as a substitute in the naval service of the United States, under a contract with the petitioner as to the disposition to be made of the money to be paid for the enlistment. The record then stated that an indictment against Leighton was presented in the superior court on September 12th 1864, " and on the 16th of September he was called to plead to said indictment ; and the attention of the court was directed to the foregoing facts by the grand jury, and said Randall notified that upon the follow- ing Wednesday, September 21, the matter of his professional conduct and standing at the bar would be considered." A hear- ing accordingly took place on September 21st, at which the peti- tioner appeared, offered evidence and was heard. The record concluded thus : " Upon the foregoing facts, the court find that said Samuel H. Randall, in the making of said contract, in his acts in pursuance of it, and in his relations to said Leighton as his client, and affecting his interests, violated his oath of office as an attorney at law, and was guilty of malpractice and gross misconduct in his said office ; and the judgment and order of the court is, that for these causes he be removed from the office of an attorney at law within this commonwealth. Lincoln F. Brigham, Justice of Superior Court."

The petitioner demurred to the above return, as an answer to the alternative writ, and assigned the following reasons :

" 1. That it nowhere appears in said return there was any charge, specific or general, of any act of malpractice and gross

misconduct by the petitioner, contained or referred to in any petition, complaint or other proceeding, filed of record in said superior court against the petitioner, as an attorney at law, as is required by law and the practice and usage of said superior court in proceedings for the removal of attorneys.

" 2. That said return does not disclose the fact that said superior court had any lawful jurisdiction over the person of the petitioner as an attorney at law by the service and return of record of any summons, order of notice, or other process of said court, notifying the petitioner to appear before said court, at a day certain, to answer charges that had been preferred against him.

" 3. That no legal cause, on the merits, is disclosed by said return, warranting the petitioner's removal from his office of attorney.

" 4. That said return contains no legal record of the petitioner's removal from his office of attorney at law.

" 5. That said return is so general, uncertain and indefinite, as to be invalid in law, as a sufficient return to the writ of *mandamus*."

The case was thereupon reserved by the chief justice for the determination of the whole court.

*H. W. Paine*, for the petitioner. The writ of *mandamus* is the remedy almost uniformly resorted to, to restore an attorney; 6 Bac. Ab. Mandamus, C; *People* v. *Justices of Delaware Common Pleas*, 1 Johns. Cas. 181 ; and this, not only where the inferior court which passed an order of removal had not jurisdiction, but also where it had jurisdiction, and it is sought to revise its conclusion upon the facts and its judgment upon the law. In the present case there was no petition filed, or information, or preliminary proceeding. For aught that appears, information such as Mr. Justice Brigham thought he could rely on was communicated to him, the petitioner was sent for, a hearing was had, and a conclusion arrived at, no charges being filed. The return to an alternative writ of *mandamus* must set out all the facts relied on. *Rex* v. *Mayor, &c. of Liverpool*, 2 Burr. 731. It is familiar, that before one is tried for an offence there must be a specification in writing. Declaration of Rights, art. 12, pt. 1.

This is but a re-affirmance of a common law principle, and in every case where a man is charged with a crime or offence it must first be described to him. In all the reported cases brought to my attention, where a petition has been made for the removal of any attorney, there has been in some form a specification of charges.

*The petitioner* also filed a brief. Where a court has jurisdiction of the subject matter of any complaint or other proceeding some form of legal process must issue, notifying a party of the charge filed against him, in order to give the court jurisdiction over the person of the respondent. And where a court proceeds without having jurisdiction both of the subject and the person, its action is wholly void. *Brown* v. *Webber*, 6 Cush. 560. *Richardson* v. *Welcome*, Ib. 333. *Piper* v. *Pearson*, 2 Gray, 120. *Herrick* v. *Smith*, 1 Gray, 50. There could be no legal cause on the merits for the petitioner's removal from his office of attorney, where there was no act of any malpractice or misconduct complained of by any private or public prosecutor against him, and no legal summons whatever to appear; and the order of removal, which was a conclusion without legal premises, was an usurpation against law, whereby the whole proceeding was illegal and void *ab initio*. *Piper* v. *Pearson*, 2 Gray, 120. *Commonwealth* v. *Keith*, 8 Met. 531. *Regina* v. *Baines*, 2 Ld. Raym. 1273. *Rex* v. *Richardson*, 1 Burr. 536.

No counsel appeared to oppose the petition.[*]

---

[*] *Mr. French*, in the preceding case, submitted the following argument on points involved in this case : 1. The judgment of removal is not a punishment or in the nature of a punishment for a crime or offence, and therefore the proceedings are not necessarily in the form of a charge for a criminal offence. Attorneys have been removed on conviction of crime ; yet the removal has not been deemed in the nature of a punishment, but to have been made because a due regard to the dignity and decency of the court does not permit such fellowship. *Ex parte Brounshall*, Cowp. 829. The statute also provides that an attorney may not only be removed, but may be liable civilly and criminally. Gen. Sts. *c.* 121, § 34. Such removal is analogous to a divorce for crime. *Ferguson* was recently convicted of larceny, and removed from the bar on motion with no allegation against him or hearing whatever.

This s not a case civil or criminal, within the meaning of the statute allowing

Randall, petitioner for *mandamus*.

BIGELOW, C. J.   An alternative writ of *mandamus* having issued in this case, and a return thereto having been made by the chief justice of the superior court, setting forth that he transmits " a copy of the record of the proceedings of said superior court having any relation to the said petitioner," the question now arises whether this court are bound to issue a peremptory writ, commanding the superior court to admit the petitioner to the practice of his office of attorney in that court.   By the record before us it appears that, at the October term of the superior court held at Boston in the year 1864 for the transaction of criminal business, it was found by that court that " Samuel H. Randall violated his oath of office as an attorney at law, and was guilty of malpractice and gross misconduct in his said office; and the judgment and order of the court is, that for these causes he be removed from the office of an attorney at law within this commonwealth."   This adjudication is preceded by a statement signed by the presiding judge, setting forth in detail the facts on which his conclusions and judgment were based. These the petitioner does not seek to traverse or deny.   By demurring to the return he must be deemed to admit all that is therein set forth, and to put his case on the single issue that, taking the record as it stands, it furnishes no warrant in law for the judgment of removal from his office, pronounced by the court below; that such removal was wrongful and erroneous ; and that it is the duty of this court to reinstate the petitioner therein.

Upon careful and deliberate consideration of the case. thus

exceptions.   Gen. Sts. *c.* 115, § 7.   It is a matter in which that court had final jurisdiction.

2. The power to remove an attorney for misconduct is incident to every court, and such removal is in the nature of a punishment for contempt.   If the proceedings are sufficient for the punishment of a contempt, they are sufficient for this purpose.   See *Heard* v. *Pierce*, 8 Cush. 338; *Tenney's case*, 3 Fost. (N. H.) 166; *State* v. *Matthews*, 37 N. H. 450; *Bryant's case*, 4 Fost. (N. H.) 149; 18 Law Reporter, 421, & seq.; *Ex parte Chetwynd, Re Mulock*, 4 Amer. Law Reg. (N. S.) 298.   The Gen. Sts. *c.* 121, § 34, simply declare the common law as to the power to remove attorneys.

presented, the court are unanimously of opinion that the peti-
tioner fails to show any sufficient ground for the relief which he
seeks. In the first place, it is too clear to admit of debate that
in a proceeding of this nature, the doings of inferior courts can-
not be revised or corrected in matters which are within their
jurisdiction, and in regard to which they are authorized to exer-
cise a judicial discretion, and to render a judgment according
to the conclusions of fact and law at which they may arrive.
If a party is aggrieved by the action of a judicial tribunal in
relation to such matters, he must seek redress in other modes
than by writ of *mandamus*. *Gray* v. *Bridge*, 11 Pick. 188.
*Rea* v. *Commissioners of Middlesex*, 13 Pick. 225. *Strong, peti-
tioner*, 20 Pick. 484, 497. This doctrine is not seriously contro-
verted by the petitioner. He does not place his main demand
for relief on the ground that the conclusion and judgment of
the court below were erroneous as to matters of fact, or that
the judgment of removal pronounced against him can be in-
quired into and revised here so far as it involves only an inves-
tigation of the merits of the case on which his removal was
founded.

We are, then, in the next place, to consider whether he is en-
titled to relief on the other ground set up by him, namely, that
the whole proceedings were unauthorized by law and invalid, be-
cause there was no rule, complaint or attachment made or issued,
setting forth any act of misconduct or malpractice by him, and
no summons or other process was ever procured, sent out or
served to bring him before the court. For this reason he con-
tends that the judgment and order of the superior court for his
removal constituted a conclusion without legal premises, a usur-
pation against law, whereby the whole proceeding was illegal
and void *ab initio*. The argument urged in support of this
position is put on the ground that by this course of proceed-
ings the constitutional rights of the petitioner were invaded, and
that he was held to answer in violation of the 12th article of the
Declaration of Rights of the Constitution of Massachusetts.
there having been no full, plain, substantial and formal descrip
tion of any offence made or filed against him, and that he has

been thus deprived of his rights and privil·ges as an attorney contrary to the law of the land.

There would be great force in this argument, if it were clear that the proceedings for the removal of the petitioner were of a nature to come within the class of cases to which the provision of the Declaration of Rights on which the petitioner relies is applicable. But we do not think that it can in any just and proper sense be deemed a criminal procedure in which a party has a right to insist on a full, formal and substantial description of the matter with which he is charged, or that it is essential to the validity of the order or judgment of the court that it should be founded on legal process according to the signification of the words "*per legem terræ,*" as used in Magna Charta and in the Declaration of Rights, that is, on complaint or indictment, followed by a trial in a regular course of legal and judicial proceedings. 2 Inst. 50. *Fisher* v. *McGirr*, 1 Gray, 37. On the contrary, at common law an attorney was always liable to be dealt with in a summary way for any ill practice attended with fraud or corruption, and committed against the obvious rules of justice and honesty. No complaint, indictment or information was ever necessary as the foundation of such proceedings. Usually they are commenced by rule to show cause, or by an attachment or summons to answer; but these are issued on motion or bare suggestion to the court, or even on the knowledge which the court may acquire of the doings of an attorney by their own observation. No formal or technical description of the act complained of is deemed requisite to the validity of such a proceeding. Sometimes they are founded on affidavit of the facts, to which the attorney is summoned to answer; in other cases, by an order to show cause why he should not be stricken from the roll; and when the court judicially know of the misconduct of an attorney, they will of their own motion order an inquiry to be made by a master without issuing any process whatever, and on the coming in of his report will cause his name to be stricken from the roll. Bac. Ab. Attachment, A, Attorney, H, and cases cited. *The King* v. *Southerton*, 6 East, 143. *In the Matter of Elsam*, 3 B. & C. 597; *S. C.* 5 D. & Ry 389.

Nor can a judgment of removal be properly and technically considered as a punishment for a crime or offence. In *Ex parte Brounshall*, Cowp. 829, Lord Mansfield said, " To strike an attorney from the roll " is not in the nature of a punishment, it is done " because he is an unfit person to practise as an attorney ; the court exercise their discretion whether a man, whom they formerly admitted to the bar, is a proper person to be continued on the roll."

Such would seem to be the character of the proceedings under our statute, Gen. Sts. *c.* 121, § 34, which provide that removal from the bar shall not exempt an attorney from any other punishment which may be provided by law for his acts of malpractice and misconduct. If removal from the bar is to be regarded as a punishment for an offence, then it would follow that a person might be liable to two criminal prosecutions, be subject to two separate judgments, and be made to suffer two distinct punishments, for one and the same act or offence. We cannot think that the legislature contemplated any such result. The more reasonable inference is that the power of removal was given, not as a mode of inflicting a punishment for an offence, but in order to enable the courts to prevent the scandal and reproach which would be occasioned to the administration of the law, by the continuance in office of those who had violated their oaths or abused their trust, and to take away from such persons the power and opportunity of injuring others by further acts of misconduct and malpractice. Upon these grounds, we are of opinion that the petitioner fails to support the position on which he relies as the foundation for his claim to relief in this proceeding.

But there is another view of this case which seems to furnish decisive reasons for a refusal to issue a writ of *mandamus* to require the court below to restore the petitioner to his standing as an attorney. The proceedings as certified to us show that the petitioner appeared before that court to answer to the charges of misconduct and malpractice which had been brought to the attention of that tribunal by the grand jury in attendance thereon ; that although there were no formal written charges preferred

against him, he fully understood their nature and character, and was allowed ample time and opportunity to be heard thereon, and that he had a full hearing on the merits. The record now before us does not show that he raised the objection, on which he now insists, that he was not duly brought before the court by legal process, and that there was no proper allegation in writing of the misconduct imputed to him. But on recurring to the documents appended to the petition for a *certiorari* presented to this court at a former term, we find that such objection was made and overruled, and that the petitioner presented exceptions, setting forth the rulings on this point, which were not allowed by the court. These exceptions the petitioner did not attempt to prosecute by proving the same according to the provisions of Gen. Sts. *c.* 115, § 11. He thereby in effect abandoned them. It is not alleged in the petition for a *mandamus*, nor does the petitioner now aver, that he did not in fact fully comprehend the subject matter of the charges of misconduct made against him, or that he did not have a full hearing thereon ; nor does he contend that the finding of the court in relation to the facts was not warranted by the evidence adduced at the hearing. Such being the state of the case, we are of opinion that the petitioner must be deemed to have waived any right to ask us to interfere by a writ of *mandamus* in his behalf, on the ground that there has been a technical omission to issue an attachment against him, or summons to appear, or a rule to show cause. Undoubtedly it would have been regular and proper to issue such process. But it was not essential, and the omission to issue it has worked no harm to the petitioner. Certainly he has alleged none, nor has he offered to show any. For aught that we see in the record, the finding of the court as to matters of fact was correct, and the judgment of removal well warranted by the evidence adduced at the hearing. If, there-fore, we issued a writ of *mandamus* on the ground alleged by the petitioner that there was no proper process, the result would be that we should restore a person to his office who was unfit to hold it, and who might be removed therefrom immediately on due proceedings had. But a writ of *mandamus* is not a writ of

right. It is within the discretion of the court whether it ought to be issued in each case that arises for adjudication. *Strong, petitioner*, 20 Pick. 497. *The King* v. *Commissioners of Excise*, 2 T. R. 385. It seems to us that we should be wanting in a sound judicial discretion, if, on the case presented by the petitioner, we interfered by a writ of *mandamus* in his behalf.

*Peremptory mandamus denied.*